# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| TIMOTHY S. DAUBERT,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF LINDSAY,<br><br>        Defendant.<br>_____/ | CASE NO. 1:10-cv-01430-AWI-SKO<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH THIRTY (30) DAYS LEAVE TO AMEND**<br><br>(Docket No. 1) |

## I.  INTRODUCTION

On August 10, 2010, Plaintiff Timothy S. Daubert ("Plaintiff") filed a complaint against Defendant City of Lindsay ("Defendant") alleging generally that Defendant violated Title II of the Americans with Disabilities Act of 1990 ("ADA") and Section 504 of the Rehabilitation Act of 1973. (Doc. 1.)

## II.  DISCUSSION

**A.  Screening Standard**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

**B.     Failure to State a Claim**

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555).

**C.     Analysis**

Plaintiff alleges claims for violation of Title II of the ADA and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Although both Title II of the ADA and Section 504 of the Rehabilitation Act prohibit discrimination on the basis of disability, the ADA only applies to public entities, while the Rehabilitation Act prohibits discrimination in all federally funded programs. *See Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides, in relevant part:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.

Similarly, Section 504 of the Rehabilitation Act provides, in relevant part:

> No otherwise qualified individual . . . shall, solely, by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .

29 U.S.C. § 794(a).

To prove that a public program or service violates Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability," (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity, and (3) such exclusion, denial of benefits or discrimination was by reason of his disability.  *See* 42 U.S.C. § 12132; *Weinreich v. L.A. County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997).

The ADA defines a disability in three ways: (1) "a physical or mental impairment that substantially limits one or more major life activities" of an individual, (2) "a record of such an impairment," or (3) "being regarded as having such an impairment." 42 U.S.C. § 12102(1).  In this regard, a plaintiff has three ways to plead a disability.  To adequately allege an actual disability under the ADA, a plaintiff must allege two elements "(1) that she [or he] has a physical or mental impairment; and (2) that such impairment substantially limits one or more of her [or his] major life activities."  *Wernick v. Fed. Reserve Bank of N.Y.*, 91 F.3d 379, 383 (2d Cir. 1996); *see* 42 U.S.C. § 12102(2).

Similarly, to establish a violation of Section 504 of the Rehabilitation Act, a plaintiff must show that: (1) he is handicapped within the meaning of the Rehabilitation Act, (2) he is otherwise qualified for the benefit or services sought, (3) he was denied the benefit or services solely by reason of his handicap, and (4) the program providing the benefit or services receives federal financial assistance.  *Lovell*, 303 F.3d at 1052.

Plaintiff's allegations are as follows:

1. Plaintiff States: On August 4, 2010[,] Plaintiff went to the Lindsay Municiple [sic] Golf Course clubhouse 801 N. Elmwood Lindsay, Ca. [sic] 93247 for a meeting with Bill Bream.  At about 10 am [sic].

2. Plaintiff States: Plaintiff had to go to the restroom but the restroom door was 18 inches wide and there was only 22 inches from the door to the sink.  Plaintiff could

not get in the door. This is a violation of Americans With Disability Act Assessable Guidelines 1990 4.1.2(6)[,] 4.1.3(11)[,] 4.23.1[.] Plaintiff had to go to the Lindsay City Park (which is directly north of the clubhouse) to go to the restroom[.] Plaintiff almost did not make it.

3. Plaintiff States: The Lindsay Municiple [sic] Golf Course clubhouse is owened [sic] and operated by the Defendant.

4. Plaintiff States: The Defendant receives Federal Funds.

5. Plaintiff States: The Defendant has violated Plaintiff[']s civil rights.

The Defendant has violated Title 2 and Title 3 of The Americans With Disability Act 1990 and Section 504 of the Rehabilitation Act. Plaintiff request[s] [i]njunctive relief and [m]onetary [d]amages in the amount the Federal Judge [d]eems appropriate.

(Doc. 1, ¶¶ 1-5.)

### 1. Allegations of Disability

Plaintiff must state the nature of his disability and explain, in a short statement, that his disability is a qualifying one under the ADA and the Rehabilitation Act. *See* 42 U.S.C. § 12132; 29 U.S.C. § 794(a); *Weinreich*, 114 F.3d at 978. Without such an allegation, Plaintiff's claims under the ADA and the Rehabilitation Act cannot be sustained. Here, Plaintiff provides no facts stating the nature of his disability, whether his disability confines him to a wheelchair, and whether it was the width of his wheelchair that blocked access through a doorway that is too narrow under the ADA to accommodate him.

### 2. Allegations That Discrimination Was on the Basis of Disability

As there are no allegations regarding Plaintiff's disability, there are no facts to infer from the complaint that the narrowness of the restroom door prevented Plaintiff from its use on the basis of his disability. Plaintiff must explain his disability and show how the narrowness of the doorway prevented him access. *See* 29 U.S.C. § 794(a); 42 U.S.C. § 12132; *Weinreich*, 114 F.3d at 978; *Lovell*, 303 F.3d at 1052.

### 3. Plaintiff's Article III Standing to Seek Injunctive Relief

The Supreme Court has promulgated a three-part test for standing, a constitutional prerequisite growing out of Article III's "case or controversy" requirement. *See* U.S. CONST. Art. III, § 2, cl. 1. The first prong involves the "injury in fact" requirement: "[T]he plaintiff must have

suffered an 'injury in fact' – an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotation marks omitted). The second and third prongs of the test are causation and redressability. *Id.* Here it is apparent that Defendant is alleged to have caused a violation of the relevant statutes, and that a decision of the court would redress any injuries to Plaintiff caused by the violations. Therefore, the only aspect of the standing inquiry at issue here involves the injury-in-fact requirement.

A plaintiff seeking injunctive relief under the ADA and the Rehabilitation Act must assert and allege proper standing to seek such relief. *Aikins v. St. Helena Hosp.*, 843 F. Supp. 1329, 1333 (N.D. Cal. 1994), *see also Shotz v. Cates*, 256 F.3d 1077, 1082 (11th Cir. 2001). To do so, a plaintiff must demonstrate a "real or immediate" threat of future injury. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (holding that plaintiff was not entitled to injunctive relief prohibiting a police officer from utilizing a "chokehold" maneuver because there was no real and immediate threat plaintiff would be arrested in the future); *see also Shotz v. Cates*, 256 F.3d at 1081-82 ("In ADA cases, courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant").

While Plaintiff's right to injunctive relief is not being assessed on its merits, even at the pleading stage there must nonetheless be allegations in the complaint that demonstrate a real or immediate threat of future discrimination. As the Ninth Circuit has explained, this is a low-threshold pleading requirement. For example, in *Pickern v. Holiday Quality Foods Inc.*, the Ninth Circuit held that "a plaintiff who is threatened with harm in the future because of existing or imminently threatened non-compliance with the ADA suffers 'imminent injury.'" 293 F.3d 1133, 1138 (9th Cir. 2002). However, the claimant in *Pickern* whose standing the court was examining had pled that he had visited the Holiday store at issue in the past and that he preferred to shop at the Holiday markets and would shop there if it were accessible. *Id.*

Unlike the pleadings presented in *Pickern*, here there is no allegation by Plaintiff that he would like to return to the Lindsay Municipal Golf Course clubhouse and would do so if the restrooms were accessible to him. Additionally, Plaintiff alleges that there was a restroom "directly

5

north of the clubhouse" that was accessible to him. Plaintiff should explain how, regardless of the access to a different restroom, he is prevented from accessing the clubhouse because the nearest restroom is inaccessible. *See Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1079-80 (D. Haw. 2000) (disabled plaintiff established likelihood of future injury by submitting evidence that he would like to visit defendant's restaurant in the future, had patronized other restaurants in the chain, and the restaurant was close to his residence and was on a familiar bus line).

Without allegations such as those presented in *Pickern*, Plaintiff does not allege a real or immediate threat of future discrimination. Absent an allegation that Plaintiff will return or would like to return to the clubhouse, the likelihood of any future discrimination remains "conjectural, hypothetical, or contingent" and not real or immediate. *Shotz*, 256 F.3d at 1082 (internal citation and quotation marks omitted). Accordingly, Plaintiff's complaint does not sufficiently set forth the requisite Article III standing for Plaintiff to seek an injunction. As the complaint may be amended to provide adequate allegations of Article III standing, Plaintiff will be given an opportunity to amend his complaint to cure these deficiencies.

**4.     Guidelines for an Amended Complaint**

Plaintiff is reminded that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing *London v. Coopers & Lybrand*, 664 F.2d 811, 814 (9th Cir. 1981)). Plaintiff may not add any new, unrelated claims to this action in his amended complaint. Any attempt to do so will result in an order striking the amended complaint or portions thereof.

Accordingly, Plaintiff's complaint is DISMISSED, and he is GRANTED thirty (30) days leave to amend.

IT IS SO ORDERED.

**Dated:     November 19, 2010**               /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE